**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Wendy Wisch Chanvong, | ) | |
| | ) | Case No. 1:16-cv-268 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Trans Union, LLC and Experian Information | ) | **JURY DEMANDED** |
| Solutions, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      Plaintiff Wendy Wisch Chanvong brings this action against defendant Trans Union, LLC ("Trans Union") and defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. Plaintiff is the victim of identity theft. Defendants sold credit reports relating to plaintiff which included false and derogatory accounts and information. Plaintiffs repeatedly asked defendants to delete the false accounts and information from her credit reports, but defendants refused.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction pursuant to 15 U.S.C. § 1681p

3.      Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

4.      Plaintiff Wendy Wisch Chanvong is a natural person residing in the State of Illinois, as defined by the 15 U.S.C. § 1681a(c).

5.      Trans Union and Experian are each consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

1

## FACTS

5.    Plaintiff is the victims of identity theft. From 2012 through 2014, defendants reported false accounts and information in plaintiff's credit reports.

6.    Plaintiff repeatedly notified defendants in 2013 and 2014 that they were reporting inaccurate accounts and information about her. Defendants failed to delete all of the inaccurate accounts and information.

7.    Plaintiff suffered actual damages as a result of defendants' reporting of false credit information. For example, plaintiff was denied a mortgage in January of 2014 as a result of "delinquencies" which did not belong to her. Plaintiff has been denied credit due to false accounts.

## COUNT I – FCRA

### 15 U.S.C. § 1681o

8.    Plaintiff incorporates all previous paragraphs of this complaint.

9.    Defendants negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b)    failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts;

c)    providing plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to U.S.C. §1681b.

2

10.     As a result of defendants' violations of the FCRA, plaintiff suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her actual damages, in an amount to be determined by the jury.

11.     Plaintiff is entitled to actual damages in an amount to be determined by the jury.

12.     Plaintiffs is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

### COUNT II – FCRA

15 U.S.C. § 1681n

13.     Plaintiff incorporates all previous paragraphs of this complaint.

14.     Defendants willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b)     failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts;

c)     providing plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to 15 U.S.C. §1681b.

15.     As a result of Equifax's violations of the FCRA, plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to their actual damages, in an amount to be determined by the jury.

16.     Plaintiff is entitled to actual damages in an amount to be determined by the jury.

3

17.     Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

18.     Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n.

## PRAYER

1.     On Plaintiff's First Claim for Relief for negligent violations of the FCRA against Trans Union and Experian:

a.     Actual damages in an amount to be determined by the jury;

b.     Attorney fees and costs.

2.     On Plaintiff's Second Claim for Relief for willful violations of the FCRA against Trans Union and Experian:

a.     Actual damages in an amount to be determined by the jury;

b.     Punitive damages in an amount to be determined by the jury; and,

c.     Statutory damages as determined by the court; and

d.     Attorney fees and costs.

DATED this 8th day of January, 2016.

Respectfully submitted,

/s/ Daniel J. Marovitch
Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Justin M. Baxter (subject to *pro hac vice*)
BAXTER & BAXTER, LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225

4

(503) 297-9031
justin@baxterlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel J. Marovitch
Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Justin M. Baxter (subject to *pro hac vice*)
BAXTER & BAXTER, LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
(503) 297-9031
justin@baxterlaw.com

*Counsel for Plaintiff*